IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WACHOVIA BANK, NATIONAL ASS'N., ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 09-00355-KD-C |
| ) | |
| MOTES CONSTRUCTION & ) | |
| DEVELOPMENT, INC., and EDMON ) | |
| MOTES, ) | |
|     Defendants. ) | |

**ORDER**

This matter is before the Court on Plaintiff Wachovia Bank, NA ("Wachovia")'s "Motion for Entry of Default Judgment." (Doc. 9). The plaintiff seeks entry of a default judgment against the defendants on the grounds that they have failed to plead, answer or otherwise defend in this case. For the reasons set forth herein, the plaintiff's Motion for Default Judgment (Doc. 9) is hereby **GRANTED**. The defendants are jointly and severally liable to Wachovia for the $783,000 total principal debt on Notes One and Two, $449.90 total late fees on Notes One and Two, and $29,438.70 total unpaid interest on Notes One and Two plus additional interest accruing on both notes at the per diem rate of $70.68 from the date of this order through the date of judgment.

**I.**     **Background**

On June 18, 2009, the plaintiff initiated this breach of contract litigation against the defendants. (Doc. 1). Wachovia alleged that the defendants were liable on account of Motes Construction and Development, Inc. ("Motes Construction" or "Borrower")'s default upon two promissory notes that were personally guaranteed by Edmon Motes, the President of Motes Construction ("Edmon Motes"). (See id.; Doc. 9-3, Exh. 4). This Court's jurisdiction obtains

pursuant to 28 U.S.C. § 1332.  (Doc. 1).

The record reveals that both defendants were personally served on June 25, 2009.  (Docs. 5 & 6).  Responsive pleadings by the defendants were accordingly due to be filed no later than July 15, 2009.  (Id.)

On August 5, 2009, the plaintiff filed a motion for entry of default against the defendants for their failure to plead or otherwise defend.  The plaintiff simultaneously filed a motion for entry of a default judgment against the defendants for the sum of $819,353.78 plus accruing pre-judgment interest at the rate of $135.94 per day.  (Docs. 8, 9).  On August 7, 2009, the Clerk entered a default against the defendants for failure to plead or otherwise defend.  (Doc. 10).  The plaintiff's August 5, 2009, motions were accompanied by a Certificate of Service indicating that the plaintiff had mailed copies of each motion to the addresses at which service was effected upon the defendants. (Doc. 8).

On August 10, 2009, this Court ordered the defendants to show cause on or before August 24, 2009, why a default judgment in the requested amount should not be entered against them and in favor of the plaintiff on account of the defendants' failure to appear or otherwise defend this action.  (Doc. 11).  The Court also directed the Clerk to serve copies of the August 10, 2009, order to the defendants via certified mail with return receipts requested.  (Id.).  In that order, the defendants were cautioned that given their default status, absent an appearance in this case, they would not be entitled to receive, and would not be afforded, any further notice concerning the plaintiff's efforts to secure a default judgment.  (Id.); see also FED. R. CIV. P. 5(a)(2) & 55(b)(2). The record reflects that defendant Edmon Motes, registered agent for Motes Construction, received this Court's show-

cause order.  (See Docs. 5 & 13).  As a result, both defendants have been on notice of these default proceedings for almost four months.  However, neither defendant has filed any response.  Moreover, as of the date of this order, the defendants have wholly failed to appear or otherwise defend this action.

In support of its motion for default judgment, the plaintiff relies upon its complaint (Doc. 1); the affidavit of Lewis Compton, a Wachovia vice-president ("Compton Affidavit," Doc. 9-1); the affidavit of counsel Jennifer A. Harris ("Harris Affidavit," Doc. 9-2); a Promissory Note made by Motes Construction payable to Wachovia dated September 27, 2006, in the principal amount of $560,000 ("Note One"; Doc. 9-3, Exh. 1);  a Promissory Note made by Motes Construction payable to Wachovia dated March 6, 2007, in the principal amount of $223,000 ("Note Two"; Doc. 9-3, Exh. 2); an Unconditional Guaranty executed by Edmon Motes in favor of Wachovia dated April 19, 2006, guaranteeing timely payment and performance of all liabilities and obligations of Motes Construction to Wachovia ("Guaranty"; Doc. 9-3, Exh. 3); a Forbearance and Loan Modification Agreement executed on or about November 20, 2008, by Wachovia and the defendants, pursuant to which Wachovia agreed to forbear from exercising its rights and remedies with respect to the Loans under the terms and conditions set forth therein and Edmon Motes assumed joint and several liability for payment and performance ("Forbearance Agreement"; Doc. 9-3, Exh. 4); and two "Joinder In and Assumption of Note" agreements further evidencing Edmon Motes' joinder in and assumption of the Notes ("Note Joinders"; id.).

**II.     Discussion**

    **A.     Default Standard**

The Eleventh Circuit has held that although "a default is not treated as an absolute confession

by the defendant of his liability and of the plaintiff's right to recover, a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact. The defendant, however, is not held to admit facts that are not well-pleaded or to admit conclusions of law." Tyco Fire & Sec., LLC v. Alcocer, 218 Fed. Appx. 860, 863 (11th Cir. 2007) (per curiam) (citations and internal quotations omitted). And "before entering a default *judgment* for damages, the district court must ensure that the well-pleaded allegations of the complaint . . . actually state a cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." Id. (emphasis in original). When assessing damages in connection with a default judgment, the Court has "an obligation to assure that there is a legitimate basis for any damage award it enters." Anheuser Busch, Inc. v. Philpot, 317 F.3d 1264, 1266 (11th Cir. 2007).

### B. Liability for Breach of Contract

The complaint and Compton Affidavit, together with the Notes, Guaranty, Forbearance Agreement, and Note Joinders, establish that: Wachovia made a $560,000 loan to Motes Construction and a $223,000 loan to Motes Construction pursuant to two separately executed Notes that each provide for late fees and interest; Edmon Motes unconditionally guaranteed both loans; the two loans matured on October 10, 2008, and Wachovia failed to pay the outstanding indebtedness owing at maturity; on or about October 27, 2008, Wachovia made a written demand on the defendants, jointly and severally, for payment of all amounts due on the loans; on or about November 20, 2008, Wachovia agreed to forbear from exercising its rights and remedies with respect to the Loans under certain terms and conditions; the forbearance period prescribed by the Forbearance Agreement has expired, and all forbearances, deferrals, and indulgences granted by Wachovia in the

Forbearance Agreement have terminated; on April 13, 2009, Wachovia gave notice to the defendants that the Forbearance Period had expired and made written demand on the defendants, jointly and severally, for payment of all amounts owing on the loans; and the defendants have refused and failed to pay the amounts owing on the loan, despite Wachovia's written demand.

Accordingly, the defendants are found in breach and are jointly and severally liable to the plaintiff on Note One for the principal debt of $560,000, late fees in the amount of $314.02, and unpaid interest in the amount of $21,062.21[1]

As to Note Two, the defendants are found in breach and are jointly and severally liable to the plaintiff on Note Two for the principal debt of $223,000, late fees in the amount of $135.88, and unpaid interest in the amount of $8,376.49[2]

### C. Attorneys' Fees

The plaintiff seeks to recover $7,866.96 worth of attorneys' fees and $482.77 worth of

---

[1] This value equals the total unpaid interest claimed in the plaintiff's complaint ($12,064.31) plus per diem interest of $50.55 from June 19, 2009, the day after the complaint was filed, through the date of this Court's judgment ($50.55 x 178 days = $8,997.90).
  The Plaintiff's motion for entry of default judgment listed higher interest rates for each of the two notes—per diem rates of $97.22 for Note One and $38.72 for Note Two—than those listed in the complaint. As noted above, "the defendant . . . is not held to admit facts that are not well-pleaded or to admit conclusions of law." Tyco Fire & Sec., LLC v, 218 Fed. Appx. at 863. As such, the plaintiff cannot rely on its representations in the motion to establish the governing rate of interest. The Notes themselves provide that "[i]nterest shall accrue . . . at the Bank's Prime Rate, as that rate may change from time to time in accordance with changes in the Bank's Prime Rate." (Doc. 9-3, Exh. 1 & 2). The plaintiff has not submitted any evidence regarding the method used to calculate interest in the motion for entry of default judgment. Accordingly, the Court's interest calculations are based on the lower rates listed in the complaint.

[2] This value equals the total unpaid interest claimed in the plaintiff's complaint ($4,793.35) plus per diem interest of $20.13 from June 19, 2009, the day after plaintiff's complaint was filed, through the date of this Court's judgment ($20.13 x 178 days = $3,583.14).

expenses pursuant to Alabama law.[3]  The plaintiff's complaint contained no specific allegations regarding the amount of attorneys' fees and costs the plaintiff seeks, and the Court cannot rely on the defendants' default status in assessing the reasonableness of the claimed fees and costs.  See Tyco Fire & Sec., LLC, 218 Fed. Appx. at 863 (a defaulted defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law" ).  The Court lacks sufficient information permitting it to conclude that the attorneys' fees and costs requested by Plaintiff are reasonable.[4]

---

[3]  Alabama law governs the substance of the dispute at bar.  The Notes provide that these documents are to be "governed by and interpreted under the laws of the state named in the Bank's address on the first page hereof without regard to that state's conflict of laws principles."  (Doc. 9-3, Exhs. 1 & 2). The Guaranty contains substantially identical language.  (id. at Exh. 3).

[4]  The Alabama Supreme Court has set forth the following criteria for the determination of the reasonableness of an attorney's fee:

> (1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.
> (2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.
> (3) The fee customarily charged in the locality for similar legal services.
> (4) The amount involved and the results obtained.
> (5) The time limitations imposed by the client or by the circumstances.
> (6) The nature and length of the professional relationship with the client.
> (7) The experience, reputation, and ability of the lawyer or lawyers performing the services.
> (8) Whether the fee is fixed or contingent.
> (10) The nature and length of a professional relationship.
>  . . .
> ([11]) The likelihood that a particular employment may preclude other employment.
> ([12]) The time limitations imposed by the client or by the circumstances.

Id. (internal quotation marks omitted) (citing Peebles v. Miley, 439 So.2d 137, 140-41 (Ala.1983) (determining that a fee in a successful suit upon a promissory note was excessive);  Faulk & Co. v. Hobbie Grocery Co., 59 So. 450 (1912)).

The sole evidence Wachovia provides in support of these claims is the affidavit of counsel Jennifer A. Harris, an associate of the law firm Bradley Arant Bolt Cummings LLP. Although the Notes and Guaranty clearly provide for recovery of both attorneys' and paralegals' reasonable fees, Harris' affidavit fails to identify the names and titles of the individuals who rendered service to Wachovia in connection with this litigation, much less any information regarding their respective skill and experience levels. Nor does the Harris Affidavit contain records listing the amount of time spent on each of the tasks with respect to which the claimed fees were incurred. Indeed, neither Harris' affidavit nor the motion for default judgment lists the total amount of time billed to Wachovia in connection with this dispute. The affidavit likewise fails to itemize the costs claimed.

The Court concludes that the representations contained in the Harris Affidavit are insufficient to establish the reasonableness of the fees and expenses claimed. The plaintiff is granted leave to supplement the record by filing, on or before **December 30, 2009**, the sort of detailed records that will permit this Court to fashion an award of reasonable attorneys' fees consonant with Alabama law

### III.     Conclusion

The plaintiff's Motion for Default Judgment (Doc. 9) is hereby **GRANTED**. The defendants are jointly and severally liable to Wachovia for the $783,000 total principal debt on Notes One and Two, $449.90 total late fees on Notes One and Two, and $29,438.70 total unpaid interest on Notes One and Two plus additional interest accruing on both notes at the per diem rate of $70.68 from the date of this order through the date of judgment.

Wachovia is hereby **GRANTED LEAVE** to supplement the record with evidence of the reasonableness of its claim for attorneys' fees and related expenses on or before **December 30, 2009.**

A **Judgment** consistent with the terms of this order **shall issue upon the resolution of Wachovia's claim for attorneys' fees and costs or**, if Wachovia fails to timely prosecute its claim for attorneys' fees and costs, **on December 30, 2009.**

**DONE** and **ORDERED** this the **14th** day of **December, 2009**.

        /s/ Kristi K. DuBose
        **KRISTI K. DuBOSE**
        **UNITED STATES DISTRICT JUDGE**