# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| WACHOVIA BANK, NATIONAL ASS'N., ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 09-00355-KD-C |
| ) | |
| MOTES CONSTRUCTION & ) | |
| DEVELOPMENT, INC., and EDMON ) | |
| MOTES, ) | |
|     Defendants. ) | |

## ORDER

This matter is before the Court on Plaintiff Wachovia Bank, NA ("Wachovia")'s "Motion for Entry of Default Judgment" (Doc. 9), the plaintiff's "Notice of Filing Supplemental Affidavit of Jennifer Harris Henderson in Support of Motion for Entry of Default Judgment" (Doc. 16), and this Court's order of December 14, 2009 (Doc. 15). For the reasons set forth herein, the plaintiff's request for attorneys' fees and costs is hereby **GRANTED in part** and **DENIED in part**.

## I.  Background

As set out in this Court's previous order (Doc. 15), the defendants, against whom default was entered, are jointly and severally liable to Wachovia for the $783,000 total principal debt on Notes One and Two, $449.90 total late fees on Notes One and Two, and $29,438.70 interest on Notes One and Two, plus $70.68 *per diem* interest from December 14 through date of judgment. (Doc. 15).

To support the amounts claimed in its motion for default judgment, the plaintiff initially relied upon, among other things, its complaint (Doc. 1); the affidavit of Lewis Compton, a Wachovia vice-president ("Compton Affidavit," Doc. 9-1); the affidavit of Wachovia counsel Jennifer A. Harris (Doc. 9-2), an associate of the law firm Bradley Arant Bolt Cummings LLP ("Bradley Arant"); a Promissory Note made by Motes Construction payable to Wachovia dated September 27,

2006, in the principal amount of $560,000 ("Note One"; Doc. 9-1, Exh. 1); a Promissory Note made by Motes Construction payable to Wachovia dated March 6, 2007, in the principal amount of $223,000 ("Note Two"; Doc. 9-1, Exh. 2); an Unconditional Guaranty executed by Edmon Motes in favor of Wachovia dated April 19, 2006, guaranteeing timely payment and performance of all liabilities and obligations of Motes Construction to Wachovia ("Guaranty"; Doc. 9-1, Exh. 3); and two "Joinder In and Assumption of Note" agreements further evidencing Edmon Motes' joinder in and assumption of the Notes (id.).

The motion for default judgment and supporting documents lacked information sufficient to support a conclusion that the attorneys' fees and costs Wachovia requested were reasonable. See Tyco Fire & Sec., LLC v. Alcocer, 218 Fed. Appx. 860, 863 (11th Cir. 2007) (per curiam) 218 Fed. Appx. at 863 (a defaulted defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law" ); Pate v. Bobo, 540 So. 2d 660, n. 3 (Ala. 1988) (setting out factors to be considered as guides in determining the reasonableness of a fee) (citing Peebles v. Miley, 439 So.2d 137, 140-41 (Ala.1983); Faulk & Co. v. Hobbie Grocery Co., 59 So. 450 (1912)). Accordingly, the Court granted the plaintiff leave to supplement the record with detailed records supporting its requests. In response, Wachovia filed a supplemental affidavit from counsel Jennifer Harris Henderson ("Henderson") along with the invoices submitted by Bradley Arant to Wachovia, which describe attorneys' fees and expenses actually incurred in connection with the collection of the subject loans. (Doc. 16-1).

**II.** **Analysis**

This Court's jurisdiction is founded upon diversity. (See Doc. 15). The Notes and Guaranty constitute the primary sources of the defendants' obligations to Wachovia. The Notes

2

provide that they are to be "governed by and interpreted under the laws of the state named in the Bank's address on the first page hereof without regard to that state's conflict of laws principles." (Doc. 9-1, Exhs. 1 & 2). The Guaranty contains substantially identical language. (id. at Exh. 3). The address listed for Wachovia on the first page of each of these documents is in Alabama. (Id., Exh. 1-3). Accordingly, Alabama law governs the substance of the dispute at bar.

Regarding collection costs, attorneys' fees, and legal expenses each of the notes states:

> **ATTORNEYS' FEES AND OTHER COLLECTION COSTS.** Borrower shall pay all of Bank's reasonable expenses actually incurred to enforce or collect any of the Obligations including, without limitation, reasonable arbitration, paralegals', attorneys' and experts' fees and expenses, whether incurred without the commencement of a suit, in any trial, arbitration, or administrative proceeding, or in any appellate or bankruptcy proceeding.

(Doc. 9-2, pp. 8 & 14 (Note One at 2; Note Two at 2)). The Guaranty contains substantially identical language:

> **ATTORNEYS' FEES AND OTHER COSTS OF COLLECTION.** Guarantor shall pay all of Bank's and its affiliates' reasonable expenses incurred to enforce or collect any of the Guaranteed Obligations including, without limitation, reasonable arbitration, paralegals', attorneys' and experts' fees and expenses, whether incurred without the commencement of a suit, in any suit, arbitration, or administrative proceeding, or in any appellate or bankruptcy proceeding.

(Id., p. 22 (Guaranty at 4)).

### A. Attorneys' Fees and Expenses

#### 1. Standard

As alluded to above, each of the contractual provisions entitling the plaintiff to attorneys' fees and expenses requires that such charges be "reasonable." The Alabama Supreme Court has adopted the following criteria for the determination of the reasonableness of an attorney's fee:

3

> (1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.
> (2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.
> (3) The fee customarily charged in the locality for similar legal services.
> (4) The amount involved and the results obtained.
> (5) The time limitations imposed by the client or by the circumstances.
> (6) The nature and length of the professional relationship with the client.
> (7) The experience, reputation, and ability of the lawyer or lawyers performing the services.
> (8) Whether the fee is fixed or contingent.

Pate, 540 So. 2d at n. 3 (internal quotation marks omitted) (citing Peebles, 439 So.2d at 140-41); Faulk & Co., 59 So. 450 (1912)).

The Notes also explicitly require that all expenses claimed must have been "actually incurred [by the Bank] to enforce or collect the . . . Obligations." (Doc. 9-2, pp. 8 & 14 (Note One at 2; Note Two at 2)). Likewise, the Guaranty requires that all claimed expenses must have been "incurred" by the Bank. (Id., p. 22 (Guaranty at 4)).

### 2. Recoverable Time

In her Supplemental Affidavit, Henderson explains that "in addition to the collection of the Motes Construction Loans," the attached invoices "include fees and expenses incurred by Wachovia in connection with the collection of a related loan made by Wachovia to Motes, M&V Investments, LLC, and Earl B. Vick, jointly and severally, and certain other payment obligations of M&V Investments, LLC, Motes, and Earl B. Vick under a letter of credit application, credit agreement and commercial guaranties . . . ." (Doc. 16-1, ¶ 10). Before a sister court in this district, Wachovia "obtained a default judgment against [M&V Investments, LLC and] Motes for the amounts owing

4

in connection with the M&V Loans, as well as attorneys' fees and costs attributable to the collection of the M&V Loans . . . ." (Id. (citing Wachovia Bank, NA v. M&V Investments, LLC et al., Civ. Action No. 09-0354-CG-B (granting default judgment against Motes and M&V Investments, LLC on September 1, 2009))). Wachovia's claims against Vick remain pending. (See id.). Henderson's Affidavit further states that "attorneys' fees in the amount of $8,231.21 and legal expenses in the amount of $660.91 are attributable to the collection of Motes Construction Loans which are the subject of this lawsuit," while "attorneys' fees in the amount of $15,792.79 and costs in the amount of $931.02 are attributable to the collection of the M&V Loans which are the subject of the M&V lawsuit." (Doc. 16-1, ¶ 11).

Henderson represents that the attached invoices "identify the partners, associates, and legal assistants that have worked on this matter, . . . the time expended by each and the tasks performed," and notes that "[a]mong those attorneys who have worked on this matter are Jay R. Bender, a partner with the firm, and Ethan Tidmore, a 7th-year associate . . . ." (Id. ¶ 13). Counsel implies that this list of attorneys is non-exhaustive, but does not specifically state that any other individuals (other than Henderson herself) billed time to this matter. Nor does the affidavit indicate how much time each attorney charged to Wachovia in connection with this litigation.

As a result, even if this Court were to base its award of fees on the rates at which Bradley Arant billed the plaintiff, counsel's submissions would not support an award of fees in the amount requested. The invoices reflect that Bradley Arant billed both this litigation and the suit against Motes, M&V Investments, LLC, and Vick to the same matter number, which is uniformly labeled on each invoice "M&V INVESTMENTS LLC, ET AL." (Doc. 16-1, pp. 7-89). Based on a review of each time entry listed on the invoices, the Court concludes that the attorneys identified below

billed the time increments listed to Wachovia solely on account of this litigation and/or Wachovia's loan to Motes Construction:

>   Attorney Glenn E. Glover .2 hours
>
>   <u>Attorney Jennifer A. Harris Henderson</u>     <u>23.3 hours</u>
>
>   TOTAL 26 hours

(<u>Id.</u>).[1] In light of the factors outlined in the Alabama law, the Court concludes that these 26 hours, which represent the only time that the Court can conclude was "actually incurred" in an effort to enforce or collect Motes Construction's debt, are reasonable in light of the results obtained in this case.

### 3. Reasonable Rates

Henderson states that she is "familiar with the fees charged by Bradley Arant to its clients, and . . . with the fees customarily charged to clients in matters such as this collection case," and opines that "[b]ased on the services rendered to Wachovia . . ., the time expended, expertise required, amount of indebtedness being collected and the rates customarily charged, . . . Bradley Arant's fees and expenses for services rendered to Wachovia are reasonable." (Doc. 16-1, ¶¶ 6, 14). However, the amended affidavit does not contain any information regarding "[t]he fee customarily charged in the locality"—that is, the Southern District of Alabama— "for similar legal services." <u>Pate</u>, 540 So. 2d at n. 3 (internal quotation marks omitted) (citing <u>Peebles</u>, 439 So.2d at 140-41);

---

[1] The majority of the invoiced time entries either refer specifically to the M&V suit or do not specify to which of the two matters they relate. A few of the entries allude to both Motes Construction and M&V Investments. (<u>See</u>, e.g., <u>id.</u> at 7 (A 10/21/2008 time entry reflects that Henderson spent three hours "[r]eview[ing] documents and work[ing] on loan memorand[a] regarding Motes Construction relationship and M&V relationship")). The Court has no basis upon which to determine which of such time was "actually incurred" on account of this litigation, and thus no basis upon which to assess the reasonableness of the time so ambiguously billed. Accordingly, no fees will be awarded on the basis of the ambiguous time entries.

Faulk & Co., 59 So. 450 (1912)).

In a recent similar matter in which Bradley Arant served as counsel for Wachovia, the undersigned concluded that a reasonable hourly rate for an attorney with Glover's reputation and experience practicing in this District would be $215/hour and that $175/hour would be a reasonable hourly rate for an associate with four years' experience working for a local firm with a reputation similar to that of Bradley Arant . (See Wachovia Bank, NA v. Horizon Wholesale Foods, LLC et al., Civ. Action No. 09-072-KD-B (Order re: Attorneys' Fees and Related Expenses, Dec. 8, 2009 (Doc. 28))). Accordingly, the Court concludes that $175/hour is a reasonable hourly rate for Henderson, who represents that she is a fifth-year associate (Doc. 16-1, ¶ 2).

### 4. Total Liability for Fees

Therefore, under the terms of the Notes and Guaranty and Alabama law, the defendants are jointly and severally liable to the plaintiff for $4,353.30 worth of reasonable attorneys' fees. The chart below illustrates the values and calculation used to arrive at this figure:

| Timekeeper | Reasonable Rate | Reasonable Hours | Defendants' Liability (Rate x Hours) |
|---|---|---|---|
| Glenn E. Glover | $215/hour | .2 | $ 43.00 |
| Jennifer Henderson | $175/hour | 23.3 | $4,077.50 |
| | | **TOTAL** | $4,120.50 |

### 5. Related Legal Expenses

As noted above, Wachovia seeks to recover legal expenses in the amount of $660.91, which, according to Henderson, equals the total of court costs and fees, special process server fees, copy charges, and courier expenses. (Doc. 16-1, ¶¶ 8, 11). However, counsel has failed to itemize the amounts claimed. And, as was the case with the attorneys' fees, Bradley Arant's invoices do not

clearly reflect whether charges listed were incurred on account of this litigation or the M&V suit. Accordingly, only the filing fee, which is $350, can be deemed reasonable and recoverable.

### B. Costs of Collection

In its Motion for Entry of Default Judgment (Doc. 9), Wachovia requested costs of collection in the amount of $6,319.29. Wachovia Vice-President Lewis Compton itemized these costs in his affidavit, stating that the "sum includes (a) $400.00 for title updates for the mortgages securing the [Notes]; (b) $900.00 for appraisals for the mortgaged property; and (c) $5,019.29 to redeem the mortgaged properties from tax sales conducted by the Baldwin County Revenue Commissioner for unpaid 2008 property taxes." (Doc. 9-2, ¶ 22).

Because these are "reasonable expenses actually incurred [by the Bank] to enforce or collect . . . the Obligations," the defendants are also liable to Wachovia for $6319.29 worth of collection costs.

## III. Conclusion

As set forth above, the plaintiff's request for attorneys' fees and costs of collection is hereby **GRANTED in part** and **DENIED in part**. In addition to those amounts set out in this Court's order of December 14, 2009 (Doc. 15), the defendants are jointly and severally liable to Wachovia for $10,789.79, which equals $4,120.50 worth of attorneys' fees, $350 worth of legal expenses, and $6,319.29 worth of costs of collection.

A **Judgment** consistent with the terms of this order shall issue contemporaneously herewith.

**DONE** and **ORDERED** this the 24th day of February, 2010.

/s/ Kristi K. DuBose  
**KRISTI K. DuBOSE**  
**UNITED STATES DISTRICT JUDGE**